**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7123**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS ARIAS-BUSTAMANTE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:10-cr-00021-REP-3)

Submitted: October 14, 2015          Decided: November 6, 2015

Before DUNCAN, DIAZ, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Luis Arias-Bustamante, Appellant Pro Se. Olivia L. Norman, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Arias-Bustamante seeks to appeal his 2010 criminal judgment imposed following his guilty plea to attempt to possess with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846 (2012). In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on August 25, 2010. Arias-Bustamante filed his notice of appeal on July 8, 2015, nearly five years after entry of the criminal judgment.[1] Because Arias-Bustamante failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal as untimely.[2] Arias-Bustamante's motions for appointment of

---

[1] This is the date that Arias-Bustamante certifies that he placed the notice of appeal in the prison mail system. A pro se prisoner's notice of appeal is considered filed at the moment it is delivered to prison authorities for mailing to the court. Houston v. Lack, 487 U.S. 266, 276 (1988); Fed. R. App. P. 4(c).

[2] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Arias-Bustamante's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, (Continued)

counsel and for consideration of his notice of appeal for good cause are denied.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

we exercise our inherent power to dismiss it.  United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).